# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JACKIE WAYNE JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | 13 C 8540 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| OFFICER RALPH KIRK #21, ) | |
| OFFICER FERNANDO MUNIZ #44, ) | |
| SGT. FABIANI #6, OFFICER BILL ) | |
| COPP # 37, and VILLAGE OF STONE ) | |
| PARK, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff sues Village of Stone Park police officers Ralph Kirk, Fernando Muniz, and Bill Copp, Village of Stone Park Police Sergeant Fabiani, and the Village of Stone Park for their alleged violations of his Fourth Amendment rights, and for malicious prosecution, conspiracy, battery, intentional infliction of emotional distress, and indemnification. The case is before the Court on defendants' motion for partial summary judgment. For the reasons set forth below, the Court grants in part and denies in part the motion.

## Facts

Just before 2:00 a.m. on February 24, 2013, plaintiff, Jackie Wayne Jr., Miguel Santos, Angel Martinez, Anderson "Joseph" Santos, Jr., Anderson Santos, Sr., and William Mojica were leaving Carl's Lounge in the Village of Stone Park heading towards their van. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 14.) They were talking and laughing, but no one was yelling. (Defs.' Resp. Pl.'s LR 56.1(b)(3)(C) Stmt. ¶ 2.) Without announcing his office, defendant Kirk yelled "shut the f*** up!" from his

location in the alley behind the group. (*Id.* ¶ 3.) Joseph Santos and Miguel Santos, who did not know that Kirk was a police officer, yelled back "you shut the f*** up." (*Id.*) Defendants Kirk and Muniz then ran up behind the group and, without warning, Kirk pushed Joseph Santos, Miguel Santos, and Angel Martinez and said: "'[W]ho do you think you are coming into my town and telling me to shut the f*** up; don't come into my town and tell me to shut the f*** up; you shut the f*** up' or words to that effect." (*Id.* ¶¶ 4-5.)

The group apologized to Kirk and said they did not know he was a police officer. (*Id.* ¶ 6.) Kirk told the group to leave, but someone said something back to him, and he then ordered them all to put their hands on the van. (*Id.* ¶ 7.) Members of the group pleaded with Muniz to do something, and though he apologized to them, he also told them to keep their hands on the van, shut up, and do what Kirk said. (*Id.* ¶¶ 9-10.) Once their hands were on the van, none of the members of the group was free to leave. (*Id.* ¶ 13.)

Kirk called for backup, and defendants Copp and Fabiani arrived while the group's hands were still on the van. (*Id.* ¶ 15.) Copp and Fabiani walked up to plaintiff and told him to get his identification "'the f*** out.'" (*Id.* ¶ 17.) When plaintiff took his hands off of the van to get his identification, Copp told him to "put [his] f***ing hands back on the car." (*Id.* ¶ 18.) When plaintiff asked who he was supposed to listen to, one of the officers called him a smart a** and then both of them handcuffed plaintiff behind his back. (*Id.* ¶ 19.) Kirk and Muniz both saw plaintiff being put in handcuffs. (*Id.* ¶ 21.)

After they handcuffed him, Copp and Fabiani slammed plaintiff onto the hood of a car and then started to walk him back to the squad car. (*Id.* ¶ 22.) While they were walking, plaintiff asked the officers why he was handcuffed and what he had done wrong. (*Id.* ¶ 23.) In response, Copp and

Fabiani lifted plaintiff off the ground and dropped him on his face, fracturing plaintiff's nose and giving him a concussion. (*Id.* ¶¶ 23-24.) Copp and Fabiani lifted plaintiff off of the ground and walked him to the police car. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 47.) Kirk did not see Copp and Fabiani drop plaintiff. (*Id.* ¶ 50.)

At the police station, plaintiff refused medical attention and refused to go through the booking process for several hours. (*See* Pl.'s Ex. A, Pl.'s Dep. at 109-14.) Ultimately, he was charged with obstructing/resisting a peace officer and disturbing the peace, was booked, paid a bond, and was released. (*Id.*) Copp signed the criminal complaint against plaintiff for the former charge, and Kirk signed the criminal complaint against plaintiff for the latter. (*See* Defs.' Ex. 8, Misdemeanor Compls.)

In July 2013, plaintiff was found not guilty of the offenses with which he was charged. (*See* Pl.'s Ex. R, 7/11/13 Trial Tr. at 176.)

## **Discussion**

To prevail on a summary judgment motion, "the movant [must] show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, the Court does not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

Defendant Muniz contends that he is entitled to judgment on the false arrest claim asserted in Count I because he did not participate in the arrest, as § 1983 requires. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.") (emphasis omitted). The Court disagrees. It is undisputed that Muniz was present when Kirk told plaintiff and his friends to put their hands on the van, and that Muniz later repeated that order and told the group to follow Kirk's instructions. (Defs.' Resp. Pl.'s LR 56.1(b)(3)(C) Stmt. ¶¶ 4-7, 9-10.) This evidence is sufficient to create a triable fact issue as to whether Muniz participated in plaintiff's arrest. *See Wilbon v. Plovanich*, 67 F. Supp. 3d 927, 943 (N.D. Ill. 2014) ("Other officers who were present for the arrests may also be held liable if their assistance was such that they caused or participated in the arrest.").

Alternatively, Muniz argues that he has qualified immunity on this claim. "Qualified immunity protects government officials from civil liability . . . so long as 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Alvarado v. Litscher*, 267 F.3d 648, 652 (7th Cir. 2001) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). At the time of these events in 2013, the constitutional right to be free from arrest without probable cause was clearly established. *See Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1013 (7th Cir. 2006). Even absent probable cause, however, Muniz is still entitled to qualified immunity if "'a reasonable officer could have believed that probable cause existed' to make the arrest." *Id.* (quoting *Hunter v. Bryant*, 502 U.S. 224, 229 (1991)). That is not the case here. Given the undisputed fact that Muniz was with Kirk from the first shout to the arrests, and during that time plaintiff did nothing illegal, no reasonable officer could have believed there was

4

probable cause to arrest plaintiff. Therefore, Muniz's motion for summary judgment on Count I is denied.

In Count III, plaintiff alleges that Muniz is liable for failing to intervene in Kirk's arrest of plaintiff, Kirk and Muniz are liable for failing to prevent Copp and Fabiani's arrest and use of excessive force on plaintiff, and to the extent Copp was the sole perpetrator of the excessive force, Fabiani is liable for failing to prevent Copp's conduct.[1] To defeat the motion of Muniz, Kirk, and Fabiani motion on these claims, plaintiff must offer evidence that suggests each defendant "had reason to know: (1) that excessive force was being used, (2) that a citizen ha[d] been unjustifiably arrested, or (3) that any constitutional violation ha[d] been committed by a law enforcement official; *and* the [defendant] had a realistic opportunity to intervene to prevent the harm from occurring." *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (emphasis in original).

For the reasons discussed above, if Muniz did not participate in Kirk's arrest of plaintiff, the record suggests he had the opportunity to prevent it. The record also suggests that Kirk and Muniz could have intervened in Copp and/or Fabiani's arrest of plaintiff, as it is undisputed that they knew plaintiff had done nothing illegal and saw Copp and Fabiani handcuff him. (Defs.' Resp. Pl.'s LR 56.1(b)(3)(C) Stmt. ¶¶ 2, 21.) The record does not suggest, however, that Kirk, Muniz, or Fabiani (if only Copp used force) had the opportunity to intervene in the excessive force allegedly used against plaintiff. There is no evidence that Copp and/or Fabiani did or said anything that signaled their intention to use force on plaintiff, Kirk and Muniz were not near them when plaintiff was dropped to the ground, and the record suggests that plaintiff was slammed onto the car within

---

[1]Plaintiff concedes that Copp and Fabiani cannot be held liable for failing to prevent Kirk and/or Muniz from arresting plaintiff because they were not on the scene at the time of that arrest. (*See* Pl.'s Opp'n Defs.' Mot. Partial Summ. J. at 10 n.1.)

seconds of being handcuffed and dropped to the ground almost immediately thereafter. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 40-42, 48-51;[2] Defs.' Ex. 2, Pl.'s Dep. at 196-202.) In short, plaintiff has not created a triable fact issue as to whether Kirk, Muniz, and Fabiani (if Fabiani himself did not use excessive force) failed to intervene to prevent Copp's and/or Fabiani's use of excessive force against plaintiff.

Kirk and Muniz also contend that they are entitled to judgment on Counts II and V, which charge them with excessive force and battery, respectively. The Court agrees. There is no evidence that Kirk or Muniz used any force against or even touched plaintiff. Accordingly, their motion as to these claims is granted.

Defendants next argue that there is no triable fact issue as to the Count IV claim against them for malicious prosecution. To prevail on such a claim, plaintiff must show "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996) (quotations omitted). Defendants say there is no evidence of the second element because the state court acquitted plaintiff on technicalities rather than the substance of the charges. The fact remains, however, that plaintiff was acquitted, which "is clearly sufficient to show favorable termination." *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 926 (7th Cir. 2001).

---

[2]Plaintiff denies the facts asserted in this paragraph but the denial does not controvert the substance of the facts asserted.

Finally, defendants contend that plaintiff's conspiracy claims fail. "To be liable as a conspirator you must be a voluntary participant in a common venture, although you need not have agreed on the details of the conspiratorial scheme or even know who the other conspirators are. It is enough if you understand the general objectives of the scheme, accept them, and agree, either explicitly or implicitly, to do your part to further them." *Jones v. City of Chi.*, 856 F.2d 985, 992 (7th Cir. 1988). There is no evidence that suggests any defendant made any agreement with any other defendant to falsely arrest, use excessive force against, batter, maliciously prosecute, or intentionally inflict emotional distress on plaintiff. Thus, the Court grants defendants' motion on the conspiracy claims in Counts I, II, IV, V and VI.

## **Conclusion**

For the reasons set forth above, the Court grants in part and denies in part defendants' motion for partial summary judgment [82]. The motion is granted as to the Count II excessive force claim against Kirk and Muniz, the Count III claims that Kirk, Muniz, and Fabiani (if Fabiani did not use excessive force) failed to intervene to prevent Copp and/or Fabiani from using excessive force against plaintiff, the Count V battery claims against Kirk and Muniz, and the conspiracy claims in Counts I, II, IV, V, and VI. (No conspiracy claim is alleged in Count III). The motion is otherwise denied. The parties are ordered to appear for a status hearing on October 28, 2015 at 9:30 a.m.

**SO ORDERED.**                                    **ENTERED:   October 13, 2015**

_____
**HON. JORGE L. ALONSO**
**United States District Judge**